## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MODERN TELECOM SYSTEMS, LLC | ) |
| | ) |
| | ) C.A. No. _____ |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| | ) |
| ARRIS GROUP, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Modern Telecom Systems, LLC ("MTS" or "Plaintiff"), for its Complaint against Arris Group, Inc. ("Arris" or "Defendant") alleges the following:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2.      Plaintiff is a limited liability company organized under the laws of the State of Delaware with a place of business at 913 N. Market Street, Suite 200, Wilmington, DE 19801.

3.      On information and belief, Arris is a corporation organized under the laws of Delaware with a place of business at 3871 Lakefield Drive, Suwanee, Georgia 30024.  The Delaware Division of Corporations identifies Arris' registered agent as Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

4.      On information and belief, Arris sells and offers to sell products and services throughout the United States, including in this District, and introduces products and services into

the stream of commerce and that incorporate infringing technology knowing that it would be sold in this District and elsewhere in the United States.

5.      On information and belief, Arris conducts a significant, persistent and regular amount of business in this District through product sales by its distributors and resellers and through online marketing, and derives substantial revenue from such business.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b). On information and belief, Defendant has placed, and is continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in this District. Defendant, directly or through intermediaries, conducts business in this District, and at least a portion of the acts of infringement and claims alleged in this Complaint have taken place and are continuing to take place in this District.

9.      On information and belief, this Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposefully availed itself of the privileges and benefits of the laws of the State of Delaware. Further, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Delaware, pursuant to due process and/or the Delaware Long Arm Statute, because Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware, and because Plaintiff's causes of action arise directly from Defendant's

-2-

business contacts and other activities in the State of Delaware, including regularly doing or

soliciting business and deriving substantial revenue from products and services provided to

individuals in this District. The exercise of jurisdiction over Defendant would not offend

traditional notions of fair play and substantial justice.

10.    Defendant conceded personal jurisdiction and venue in Delaware under 28 U.S.C.

§1400(b) in defending a currently pending claim of patent infringement in *Hera Wireless S.A. et*

*al. v. Arris Group, Inc.*, 1:17-cv-00948-RGA (DED Wilmington, July 14, 2017).

## BACKGROUND

11.    The technology claimed in the patent asserted in this action was invented

during the research and development activities of the Rockwell family of companies,

including Rockwell Semiconductors Systems, Inc., Conexant Systems, Inc. ("Conexant"),

and Mindspeed Technologies, Inc. ("Mindspeed"). In 1998, Rockwell International spun

off its Rockwell Semiconductor group and renamed it Conexant. Conexant inherited

Rockwell's mixed signal semiconductor expertise and intellectual property portfolio, and

was focused on developing semiconductor products for a broad range of communications

networks. Conexant's Internet Infrastructure group was incorporated as a wholly-owned

subsidiary named Mindspeed Technologies, Inc. ("Mindspeed") in 2001 and spun-off as

an independent entity in 2003. Mindspeed's focus was on semiconductor and software

solutions for Internet access devices, switching fabric, and network processors.

12.    Plaintiff is the owner of the patent asserted in this action and has the

exclusive right to sue and collect remedies for past, present, and future infringement of

the patent.

13.   Plaintiff assumed all the rights and obligations related to the patent from Modern Telecom Systems, LLC ("MTS-CA"), a California limited liability company, which had assumed all the rights and obligations related to the patent from Glocom Patents Licensing, LLC, which had assumed all the rights and obligations related to the patent from V-Dot Technologies, LLC (formerly, V-Dot Technologies, Limited) ("VDOT"), which had assumed all the rights and obligations related to these patents from Telecom Technology Licensing, LLC ("TTL"), which had assumed all the rights and obligations related to the patent from Mindspeed.  Conexant, the assignee identified on the face of the patent, assigned the patent to Mindspeed in an assignment dated June 27, 2003.

## INFRINGEMENT OF U.S. PATENT NO. 6,504,886

14.   The allegations set forth in the foregoing paragraphs 1 through 13 are incorporated by reference into this claim for relief.

15.   On January 7, 2003, U.S. Patent No. 6,504,886 ("the '886 Patent"), entitled "Communication of an Impairment Learning Sequence According to an Impairment Learning Sequence Descriptor," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '886 Patent is attached as Exhibit 1.

16.   The '886 Patent issued from United States Patent Application No. 09/956,207 ("the '207 Application"), filed on September 19, 2001.  The '207 Application is a Continuation of U.S. Patent Application No. 08/969,971, entitled "Method and Apparatus for Generating a Line Impairment Learning Signal for a Data Communication System," filed November 13, 1997, now U.S. Patent No. 6,332,009, which is a

-4-

Continuation-In-Part of U.S. Patent Application No. 08/922,851, entitled "Method and Apparatus for Generating a Programmable Synchronization Signal for a Data Communication System," filed September 3, 1997, now U.S. Patent No. 6,212,247.

17.     Plaintiff is the assignee and owner of the right, title, and interest in and to the '886 Patent, including the right to assert all causes of action arising under the '886 Patent and the right to any remedies for infringement of the '886 Patent.

18.     Defendant has infringed and continues to infringe the '886 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, infringing products without authorization (hereafter "Infringing Instrumentalities").  At a minimum, Infringing Instrumentalities include all Arris gateways, DVRs, Set-Tops, media servers and other devices that operate pursuant to Part 11: Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY) Specifications of IEEE Std 802.11™ -2012 and IEEE Std 802.11™ -2009 (collectively, the relevant "Wi-Fi Standard").  This includes products like the Touchstone DG1660 Cable Gateway which is configured to operate pursuant to the Wi-Fi Standard.

19.     Defendant directly infringed and continues to directly infringe at least claim 18[1] of the '886 Patent by making, using, selling, offering to sell, importing and/or providing and causing to be used the Touchstone DG1660 Cable Gateway which satisfies, literally or under the doctrine of equivalents, each and every claim limitation of claim 18 of the '886 Patent. The correspondence between the limitations of claim 18 of the '886 Patent and the Touchstone DG1660 Cable Gateway is shown in the claim chart attached hereto as Exhibit 2.  The claim

---

[1] Plaintiff reserves the right to identify additional asserted claims and accused products as this litigation proceeds.  For example, Plaintiff expressly reserves the right to identify additional asserted claims and accused products in its infringement contentions to be served during the discovery process.

chart is incorporated by reference as if set forth herein. The citations to the Wi-Fi Standard in the claim chart are required for a product configured to operate pursuant to the Wi-Fi Standard. Additional details relating to the Touchstone DG1660 Cable Gateway and its infringement are within the possession, custody or control of Defendant.

20.     Defendant provides users of the Touchstone DG1660 Cable Gateway with instructions on how to connect to a Wi-Fi network and markets Wi-Fi connectivity in their promotional materials for the Touchstone DG1660 Cable Gateway. To connect to a Wi-Fi network, the Touchstone DG1660 Cable Gateway needs to operate pursuant to the Wi-Fi Standard and the required portions of the Wi-Fi Standard necessarily practice at least claim 18 of the '886 Patent.

21.     On information and belief, the identified structure and functionality of the Touchstone DG1660 Cable Gateway that are shown in the claim chart are representative of the structure and functionality present in all Infringing Instrumentalities including but not limited to Arris' products with the following designations or trade names: Touchstone DG Series Cable Gateways, Touchstone TG Series Cable Voice Gateways including the Touchstone TG1672 Cable Voice Gateway, PC5100 Cable DVR, PC5300 Cable DVR, MC6505 UHD Cable Media Gateway, ZC3010 Zapper Cable Set-Top, VAP2400 Wireless Ethernet Extender, VAP4400 Wireless Network Extender for Video, IP815 IP Client Set-Top, IPH8000 Mediaroom Set-top, VIP5662 UHD Mediaroom DVR, VIP4002 Ultra-compact IP Set-Top, ZI4105 IP Set-Top, PS5100 Satellite DVR, MS6505 UHD Satellite Media Server, NVG37x Fiber Voice Gateway, 5168N xDSL Gateway, GA2305 xDSL Gateway, CT4325 Terrestrial Set-Top and ZT4505 UHD Zapper Terrestrial Set-Top. On information and belief, any other product of Arris that operates pursuant to the Wi-Fi Standard is also an Infringing Instrumentality. Additional details relating

to Infringing Instrumentalities and their infringement are within the possession, custody or control of Defendant.

22.     On information and belief, in December 2017, in a multi-party merger/acquisition transaction, Ruckus Wireless, Inc. ("RWI") was acquired by Arris International Plc.  In the event discovery in this matter reveals that Defendant has liability for any WiFi-enabled products that were sold, offered for sale, used, or made by RWI prior to the merger/acquisition, certain such products would also be Infringing Instrumentalities.  MTS contacted RWI about its use of the '886 Patent prior to December 2017.

23.     Plaintiff offers this preliminary identification and description of infringement without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identification and description of infringement based on additional information obtained through discovery or otherwise.

24.     On information and belief, Defendant had knowledge and became aware that its products that operate pursuant to the Wi-Fi Standard infringe the '886 Patent prior to the filing of this Complaint.  By way of example, in 2016, Mr. Bruce McClelland, the CEO of Arris, received a letter from MTS stating that the '886 Patent was being used in WiFi-enabled products that were being used, offered for sale and sold by Arris.  In March 2017, Mr. McClelland received another letter indicating that Arris needed to start licensing discussions with MTS.  Discovery in this matter may reveal that Defendant is liable for willful infringement and/or has induced others to infringe the '886 Patent.

25.     Defendant's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages it has sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

PHIL1 6901787v.1

## JURY DEMAND

26.     Plaintiff requests a jury trial of all issues in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.     Declaring that Defendant has infringed the '886 Patent.

B.     Awarding damages arising out of Defendant's infringement of the '886 Patent to MTS, together with prejudgment and post-judgment interest, in an amount according to proof.

C.     Awarding attorneys' fees to MTS pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

D.     Awarding such other costs and further relied as the Court may deem just and proper.

-8-

DATED:  March 28, 2018

KLEHR HARRISON
HARVEY BRANZBURG LLP

/s/ Sean  M. Brennecke
Sean M. Brennecke (#4686)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:  (302) 552-5518
Facsimile:  (302) 426-9193
sbrennecke@klehr.com

- and -

OF COUNSEL:

Daniel S. Carlineo, Esq.
(*pro hac vice* motion to be filed)
CARLINEO KEE, PLLC
1517 17th Street, NW; 3rd Floor
Washington, DC 20036
Telephone:  (202) 780-6109
dcarlineo@ck-iplaw.com

Benjamin E. Fuller, Esq.
(*pro hac vice* motion to be filed)
KLEHR HARRISON
HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-4769
Facsimile: (215) 568-6603
bfuller@klehr.com

*Attorneys for Plaintiff*
*Modern Telecom Systems, LLC*

-9-